UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-332-MOC

| | |
|---|---|
| SHEILA TAYLOR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KILOJO KIJAKAZI, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). (Doc. No. 22). Plaintiff seeks fees in the amount of $16,406.72. Defendant has filed a response, contending that the amount of fees sought is unreasonable, and Plaintiff has filed a Reply.

EAJA provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was substantially justified in its litigation position. 28 U.S.C. § 2412(d)(1)(A). To establish eligibility for an award under the act, the claimant must show that he is (i) the prevailing party; (ii) that the government's position was not substantially justified; (iii) that no special circumstances make an award unjust; and (iv) that the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. See Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

"Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the task of determining

what fee is reasonable." Hyatt v. Barnhart, 315 F.3d 239, 253(4th Cir. 2002). EAJA provides for an award of "reasonable" attorney's fees 28 U.S.C. § 2412(d)(2)(A). Thus, a fee should be based on a reasonable number of hours at a reasonable hourly rate. See Hyatt, 315 F.3d at 248. The party seeking fees under EAJA should submit evidence supporting the hours worked and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of establishing the reasonable time expended as well as a reasonable hourly rate. Hyatt, 315 F.3d at 253; Harlan v. Colvin, No. 3:12-cv-443-GCM-DCK, 2014 WL 1632931, at *2 (W.D.N.C. Apr. 23, 2014). Other relevant factors include (1) the novelty and complexity of the issues presented, (2) the experience and skill of the attorney, and (3) the typical range of compensated hours in a particular field. Miles v. Colvin, 2014 WL 1309293, *1 (E.D.N.C. July 24, 2014); Dixon v. Astrue, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008); Bunn v. Bowen, 637 F. Supp. 464, 469 (E.D.N.C. 1986).

Defendant opposes Plaintiff's petition, arguing that the request includes tasks that are non-compensable, some compensable tasks are billed together with non-compensable tasks, and because some hours billed are unreasonably high for the tasks involved. More specifically, Defendant does not object to Plaintiff's requested hourly rates of $206.97 to $212.65 per hour for work performed in June 2020 through March 2021. Defendant contends, however, that Plaintiff's number of requested hours are excessive and warrant reduction. Defendant submits that Plaintiff has not met the burden of showing that 77.6 hours of attorney time is reasonable in this litigation. For the following reasons, the Court finds that some of the requested fees are unreasonable, and the Court will therefore reduce the fees.

Here, Plaintiff billed 2.2 hours on February 2, 2021, 5.7 hours on February 3, 2021, 5.6 hours on February 4, 2021, 4.1 hours on February 5, 2021, 5.3 hours on February 8, 2021, 5.9

hours on February 9, 2021, 5.2 hours on February 10, 2021, 6 hours on February 11, 2021, 4 hours on February 12, 2021, and 4.3 hours on February 14, 2021, a total of 48.3 hours, for various tasks including drafting a medical index. (Doc. No. 23-2). Defendant notes correctly that neither the Local Rules nor this Court's scheduling order require a medical index to be filed with the summary judgment memorandum. Plaintiff's Memorandum in Support of Motion for Summary Judgment, however, included a 27-page index of the relevant medical evidence (Doc. No. 16-1). This index does not include any formal legal analysis and is simply a recitation of the medical records located in the certified administrative record.

This Court has repeatedly held that the preparation of a medical index is a non-compensable clerical task. See Mullis v. Kijakazi, No. 3:20-cv-00083-MR, 2021 WL 4391879, at *3 (W.D.N.C. Sept. 24, 2021) (finding that the preparation of the medical index is a "superfluous, 'clerical task, which is not compensable.'") (quoting Thayer v. Saul, No. 3:19-cv-279-GCM, 2020 WL 4208061, at *2 (W.D.N.C. July 22, 2020))); Marler v. Saul, No. 3:20-cv-35-KDB, 2021 WL 2652949, at *2 (W.D.N.C. June 28, 2021); Hooper v. Saul, No. 3:20-cv-74-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021). Additionally, this court noted in Mullis, that "the fact that the medical index is useful for completing legal work does not make the creation of the medical index a compensable task. Mullis, 2021 WL 4391879, at *3. A prevailing party may recover fees only for work that is traditionally done by an attorney. See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988). See also Gibby v. Astrue, 2012 WL 3155624, at *2 (W.D.N.C. Aug. 2, 2012) (purely clerical activities are not compensable under the EAJA and should be considered "overhead").

Moreover, in the entries discussed above, Plaintiff does not separate the time spent preparing the medical index (which is a clerical task), from the time spent drafting the brief and

reviewing the file, which are compensable tasks. (Doc. 23-2). See Gibby, 2012 WL 3155624, at *6 ("[The] court may discount requested hours if attorney failed to keep meticulous time records disclosing how time was allotted to specific tasks") (citing Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998)). This court recently struck the requested hours when the medical index, which is a clerical task, was included in block billing entries, noting that the Court was unable to determine how many of the hours were devoted to clerical tasks. See Marler, 2021 WL 2652919, at *2; Hooper, 2021 WL 2188240, at *2. Defendant argues, and the Court agrees, that the 48.3 hours billed from February 2, 2021 through February 14, 2021 should be reduced to 24.15 hours.

Defendant notes that after billing 58.8 hours for tasks related to the preparation of the opening brief, Plaintiff billed an additional 17 hours for preparation of the five-page reply brief, which essentially restates the same arguments that were raised in the opening brief (Doc. Nos. 19, 23-2). Defendant argues that the time preparing a reply brief was excessive for a brief that was only five pages and restated the same arguments raised in the opening brief. The time billed for preparation of the reply brief also includes time spent reviewing the file, which is excessive in light of how much time was previously billed by counsel to review the record. (Doc. No. 23-2). Therefore, Defendant argues that the time billed for preparation of the reply brief should be reduced to five hours.

Defendant also contends that the requested reductions are warranted because the experience and skill of counsel is inconsistent with the number of hours it took for two seasoned attorneys to complete this case. Defendant contends that the number of hours billed in this case (77.6) is excessive, as attorney Piemonte has practiced law for 34 years and attorney Michael Phillips has practiced law for over 20 years, each focusing on Social Security Disability (Doc.

Nos. 23-4, 23-5). Defendant contends that the hours are not justifiable especially since each attorney has a stellar reputation and is renowned for his specialized skill and distinctive knowledge in the field of Social Security Disability cases.

This court recently noted that that "spending 26.67 hours on less than 20 pages of briefing is excessive, particularly for an attorney with more than 30 years of experience in practicing Social Security law." Hooper, 2021 WL 2188240, at *2. Here, Plaintiff's opening brief was about sixteen pages and the reply brief was five pages, and involved commonly litigated issues–the ALJ's consideration of the residual functional capacity, and the step five finding. (Doc. No. 16, 19). Defendant therefore requests that this Court order a reduced fee of 41.45 hours of work at the hourly rates requested by Plaintiff ranging between $206.97 and $212.65 for a total of $8,755.38 for work performed in June 2020 through March 2021.[1]

The Court agrees with Defendant that some of the fees requested by Plaintiff are unreasonable and the fees should therefore be reduced. This court will therefore order a reduced fee of 41.45 hours of work at the hourly rates requested by Plaintiff ranging between $206.97 to $212.65 per hour, for a total of $8,755.38 payable to Plaintiff.

Having reviewed the motion, the parties' briefs, and the case file, the Court determines that Plaintiff will be awarded an attorney's fee under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $8,755.38.

**IT IS ORDERED** that the Plaintiff's Motion for Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A) (Doc. No. 22) is **GRANTED** to the extent that the Court will award

---

[1] This calculation is based on 1 hour at $209.97 per hour for work performed in June 2020, plus .05 hours at $208.92 for work performed in November 2020, plus 25 hours at $206.97 per hour for work performed in June 2020, plus 35.4 hours at $211.15 per hour for work performed in February 2021, plus 5 hours at $212.65 per hour for work performed in March 2021. See (Doc. No. 23-2). These are the hourly rates requested by Plaintiff. See (Doc. No. 6).

attorney fees in the amount of $8,755.38. Pursuant to Comm'r of Soc. Sec. v. Ratliff, 560 U.S. --, 130 S. Ct. 2521 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first. If any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that Plaintiff does not owe a federal debt, the government will exercise its discretion and honor an assignment of EAJA fees and pay the awarded fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

Signed: December 7, 2021

Max O. Cogburn Jr.
United States District Judge